1  Alfred M. De La Cruz, Esq. (State Bar No. 151388)
**MANNING & MARDER**
2  **KASS, ELLROD, RAMIREZ LLP**
550 West "C" Street, Suite 1900
3  San Diego, California 92101
Telephone:  (619) 515-0269
4  Facsimile: (619) 515-0268
amd@mmker.com
5
Attorneys for Defendant
6  FRY'S ELECTRONICS, INC.
d.b.a. FRY'S ELECTRONICS
7

8              UNITED STATES DISTRICT COURT

9           SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  OUTERBRIGE ACCESS ASSOCIATION ) | **CASE NO.: O8 CV 0894  JLS  NLS** |
| SUING ON BEHALF OF DIANE CROSS ) | |
| 12  AND ITS MEMBERS; and DIANE ) | **ANSWER OF FRY'S** |
| CROSS, an Individual, ) | **ELECTRONICS, INC. D.B.A. FRY'S** |
| 13  ) | **ELECTRONICS; DEMAND FOR** |
| Plaintiffs, ) | **JURY TRIAL** |
| 14  ) | |
| vs. ) | |
| 15  ) | |
| FRY'S ELECTRONICS, INC. ) | |
| 16  d.b.a. FRY'S ELECTRONICS; LOST ) | |
| CONTINENT, L.P.; AND DOES 1 ) | |
| 17  THROUGH 10, Inclusive, ) | |
| ) | |
| 18  Defendants. ) | |
| ) | |
| 19  _____ ) | |

20

21              **INTRODUCTION**

22      Defendant, FRY'S ELECTRONICS, INC. d.b.a. FRY'S ELECTRONICS,

23  ("Defendant") answers and responds to the complaint of Plaintiffs OUTERBRIGE

24  ACCESS ASSOCIATION SUING ON BEHALF OF DIANE CROSS AND ITS

25  MEMBERS; and DIANE CROSS, as follows:

26  / / /

27  / / /

28  / / /

-1-

## JURISDICTION AND VENUE

1.      Answering paragraph 2 of the complaint, defendant admits and alleges that Federal Courts generally have original jurisdiction over claims under the Americans with Disabilities Act.  This answering defendant admits that venue is proper in the district in which a substantial part of the alleged events or omissions which are the subject of the action occur pursuant to 28 U.S.C. §1391(b)(2).  Except as expressly admitted herein, defendant denies the allegations of  paragraph 2.

## SUPPLEMENTAL JURISDICTION

2.      Answering defendant admits and alleges that Federal Courts generally have supplemental jurisdiction over state law claims based upon the same set of operative facts as federal claims.  The answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 3, and on that basis deny each and every allegation contained therein aside from those expressly admitted.

## NAMED DEFENDANTS AND NAMED PLAINTIFFS

3.      This answering defendant admits that it was a business organized and existing under the laws of the State of California.  Defendant admits that FRY'S ELECTRONICS is located at 150 Bent Avenue, San Marcos, California, 92069. Further, this responding defendant admits that defendant FRY'S ELECTRONICS, INC., is the owner and operator of FRY'S ELECTRONICS.  Responding defendant further admits that FRY'S ELECTRONICS, INC., is located at 600 E. Brokaw Road, San Jose, California, 92115.  As for the remaining portions of paragraph 4 relating to the remaining defendant, the responding defendant admits the truth of such statements upon information and belief.  As to the plaintiffs, responding defendant lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis deny each and every allegation contained therein

relating to the plaintiffs.

4.    Answering paragraph 5 of the complaint, this responding defendant accepts that plaintiffs are attempting to set forth the names of various named plaintiffs.

5.    This responding defendant admits that the plaintiffs appear to have set forth a generic allegation concerning unknown defendant in paragraph 6. Responding defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained therein and on that basis, deny each and every allegation contained therein.

6.    This responding defendant admits a business relationship between the respondents.  The remainder of the allegations contained in paragraph 7 lack sufficient specificity to enable the responding defendant to admit or deny the contents therein, and on that basis this responding defendant deny each and every allegation contained therein.

## CONCISE SET OF FACTS

7.    Answering paragraph 8 of the complaint, this answering defendant lack sufficient information in which to form a belief as to the truth of the allegations contained therein, and on that basis, deny the contents as stated.

8.    Answering paragraph 9 of the complaint, this answering defendant lacks sufficient information in which to form a belief as to the truth of the allegations contained therein, and on that basis, deny the contents as stated.

9.    Answering paragraph 10 of the complaint, this answering defendant lacks sufficient information in which to form a belief as to the truth of the allegations contained therein, and on that basis, deny the contents as stated.

10.    This responding defendant admits that the plaintiffs attempt to set forth various heights of the counters in respondent's business.  As for the remainder of paragraph 11, the allegations contained therein lack specificity as to enable this

responding defendant to admit or deny, and on that basis, deny the allegations contained therein.

11.    This responding defendant admits that the plaintiffs attempt to set forth the public seating at the café within respondent's business.  As for the remainder of paragraph 12, the allegations contained therein lack specificity as to enable this responding defendant to admit or deny, and on that basis, deny the allegations contained therein.

12.    This responding defendant admits that the plaintiffs attempt to set forth the height of paper towel dispensers in respondent's business.  As for the remainder of paragraph 13, the allegations contained therein lack specificity as to enable this responding defendant to admit or deny, and on that basis, deny the allegations contained therein.

13.    This responding defendant denies each and every allegation contained in paragraph 14 of the complaint.

14.    Answering paragraph 15 of the complaint, this responding defendant lacks sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and on that basis deny the contents stated.

15.    This responding defendant denies each and every allegation contained in paragraph 16 of the complaint.

16.    Answering paragraph 17 of the complaint, this responding defendant lacks sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and on that basis deny the contents stated.

17.    This answering defendant affirmatively avers that paragraph 18 of the complaint does not purport to charge this answering defendant and, consequently, no answer to that paragraph is required.

/ / /

/ / /

/ / /

O8 CV 0894  JLS NLS

## WHAT CLAIMS ARE PLAINTIFFS ALLEGING
## AGAINST EACH NAMED DEFENDANT

18.    Answering paragraph 19 of the complaint, this responding defendant accepts that plaintiffs are attempting to set forth the names of various named defendants.

19.    Answering paragraph 20 of the complaint, this responding defendant denies that it is liable for any claims asserted by plaintiffs in the complaint, or at all.

### DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS
FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS -
### Claims Under The Americans With Disabilities Act of 1990
CLAIM I: Denial of Full and Equal Access

20.    Answering paragraph 21 of the complaint, this responding defendant re-alleges and incorporate by reference each and every allegation contained in the foregoing paragraphs, inclusive, as though set forth fully herein.  Responding defendant admits that the plaintiffs seek to incorporate by reference each of the preceding paragraphs.  As for the remainder of paragraph 21, responding defendant denies each and every remaining allegation contained therein.

21.    Answering paragraph 22 of the complaint, this answering defendant lacks sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation contained therein.

### CLAIM II: Failure to Make Alterations In Such A Manner
### That The Altered Portions Of The Facility Are Readily Accessible
### And Usable By Individuals With Disabilities

22.    This answering defendant re-alleges and incorporates by reference each and every allegation contained in paragraphs 1-22, inclusive, as though set forth fully

-5-

herein.  Except to admit that this answering defendant leases places of public accommodation, which are the subject of the above-entitled action, this answering defendant denies each and every allegation contained in paragraph 23 of the complaint.

23.    This answering defendant denies each and every allegation contained in paragraph 24 of the complaint.

24.    This answering defendant denies each and every allegation contained in paragraph 25 of the complaint.

25.    This answering defendant denies each and every allegation contained in paragraph 26 of the complaint.

### CLAIM III: Failure To Remove Architectural Barriers

26.    Answering paragraph 27 of the complaint, This answering defendant re-alleges and incorporate by reference each and every allegation contained in paragraphs 1-26, inclusive, as though set forth fully herein.  This answering defendant denies that plaintiffs have accurately set forth the requirements imposed by Title III of the Americans with Disabilities Act or California disability access laws with respect to the removal of architectural barriers in paragraph 27 of the complaint. Except to admit that this answering defendant leases places of public accommodation, which are the subject of the above-entitled action, this answering defendant denies each and every allegation contained in paragraph 27 of the complaint.

### CLAIM IV: Failure to Modify Practices, Policies and Procedures

27.    Answering paragraph 28 of the complaint, this answering defendant re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 27, inclusive, as though set forth fully herein.  Further, this answering defendant denies each and every allegation contained in paragraph 28 of

-6-

the complaint as the paragraph fails to set forth the alleged violations with sufficient specificity to allow admission or denial.  This answering defendant  admits that 42 U.S.C. §12188(a) provides that architectural barriers must be removed from existing facilities if such removal is readily achievable.

28.    Answering paragraph 29 of the complaint, this answering defendant lacks knowledge or information sufficient to form a belief as to the truth of plaintiffs' allegations contained in paragraph 29 of the complaint that they intend to return to the subject facility, and on that basis, denies such allegation.  This answering defendant denies each and every remaining allegation contained in paragraph 29 of the complaint.  This answering defendant further denies that plaintiffs are entitled to the relief sought in paragraph 29 of the complaint, or any other relief.

29.    This answering defendant admits that plaintiffs set forth their prayer for damages within this paragraph.


SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS -
CLAIMS UNDER CALIFORNIA ACCESSIBILITY LAWS
CLAIM I: Denial of Full and Equal Access

30.    Answering paragraph 31 of the complaint, this answering defendant re-alleges and incorporate by reference each and every allegation contained in paragraphs 1 through 30, inclusive, as though set forth fully herein.  Further, this answering defendant deny each and every allegation contained in paragraph 31 of the complaint as the paragraph fails to set forth the alleged violations with sufficient specificity to allow admission or denial.

31.    Answering paragraph 32 of the complaint, this answering defendant deny each and every allegation contained in paragraph 32 of the complaint as the paragraph fails to set forth the alleged violations with sufficient specificity to allow admission or denial.

/ / /

CLAIM II: <u>Failure to Modify Practices, Policies and Procedures</u>

32.    Answering paragraph 33 of the complaint, this answering defendant re-alleges and incorporate by reference each and every allegation contained in paragraphs 1 through 32, inclusive, as though set forth fully herein.  Further, this answering defendant deny each and every allegation contained in paragraph 33 of the complaint as the paragraph fails to set forth the alleged violations with sufficient specificity to allow admission or denial.

CLAIM III: <u>Violation of The Unruh Act</u>

33.    Answering paragraph 34 of the complaint, this answering defendant re-alleges and incorporate by reference each and every allegation contained in paragraphs 1 through 33, inclusive, as though set forth fully herein.  Further, this answering defendant deny each and every allegation contained in paragraph 34 of the complaint as the paragraph fails to set forth the alleged violations with sufficient specificity to allow admission or denial.

34.    Answering paragraph 35 of the complaint, this answering defendant lacks knowledge or information sufficient to form a belief as to the truth of plaintiffs' allegation contained in paragraph 35 of the complaint that they intend to return to the subject facility, and on that basis, denies such allegation.  This answering defendant denies each and every remaining allegation contained in paragraph 35 of the complaint.

35.    This answering defendant admits that plaintiffs set forth their prayer for damages within this paragraph.

Treble Damages Pursuant to Claims I, II, III
Under The California Accessibility Laws

36.    This answering defendant denies each and every allegation contained in paragraph 37.

-8-

37.    This answering defendant deny each and every allegation contained in paragraph 38.

38.    This answering defendant admits that plaintiffs set forth their prayer for damages within this paragraph.

39.    This answering defendant admits that plaintiffs set forth their prayer for damages within this paragraph.

## AFFIRMATIVE DEFENSES

This answering defendant pleads the following separate and affirmative defenses to the complaint:

## FIRST AFFIRMATIVE DEFENSE

40.    As the first, separate and affirmative defense, this answering defendant are informed and believe and thereon alleges that the complaint, and each allegation contained therein, fails to state sufficient facts to constitute a cause of action against this answering defendant.

## SECOND AFFIRMATIVE DEFENSE

41.    As the second, separate and affirmative defense, this answering defendant is informed and believe and thereon alleges that the complaint, and each allegation contained therein, is barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

42.    As the third, separate and affirmative defense, this answering defendant states that it and its agents acted reasonably and in good faith at all times material herein, based upon the relevant facts and circumstances known by it at the time they so acted.  Accordingly, plaintiffs are barred from any recovery in this action.

/ / /

## FOURTH AFFIRMATIVE DEFENSE

43.     As the fourth, separate and affirmative defense, this answering defendant states that plaintiffs have failed to exhaust their administrative remedies required under 42 U.S.C. §12182(a), et seq.

## FIFTH AFFIRMATIVE DEFENSE

44.     As the fifth, separate and affirmative defense, this answering defendant alleges that plaintiffs have failed to exhaust their administrative remedies required under California Civil Code §§51, 52, 54 and 54.1.

## SIXTH AFFIRMATIVE DEFENSE

45.     As the sixth, separate and affirmative defense, this answering defendant is informed and believes that the complaint, and each alleged cause of action contained therein, that purport to state a claim against this answering defendant is barred by the doctrine of unclean hands by reason of the plaintiffs' conduct and actions.

## SEVENTH AFFIRMATIVE DEFENSE

46.     As the seventh, separate and affirmative defense, this answering defendant states that it made reasonable accommodations to the plaintiff DIANE CROSS.  To further accommodate the plaintiff would impose an undue hardship on the defendant in that such accommodations would be unduly costly and burdensome and are not readily achievable.

## EIGHTH AFFIRMATIVE DEFENSE

47.     As the eighth, separate and affirmative defense, this answering defendant states that at all times mentioned in the complaint, plaintiff DIANE CROSS conducted herself in a negligent matter, and such negligence proximately

caused and contributed to the damages alleged, and shall thereby reduce the damages, if any, sustained herein by the amount of percentage of such negligence.

## NINTH AFFIRMATIVE DEFENSE

48.    As the ninth, separate and affirmative defense, this answering defendant states its privilege in its right to conduct the efficient operation of its businesses.

## TENTH AFFIRMATIVE DEFENSE

49.    As the tenth, separate and affirmative defense, this answering defendant is informed and believes that the complaint, and each and every purported claim contained therein, is barred, in whole or in part, to the extent plaintiffs have failed to comply with all jurisdictional requirements, including any state or federal law exhaustion requirements to bring a claim for injunctive relief under Title III of the Americans with Disabilities Act.

## ELEVENTH AFFIRMATIVE DEFENSE

50.    As the eleventh, separate and affirmative defense, this answering defendant alleges that plaintiffs' prayer for judgment and damages is barred because Title III of the Americans with Disabilities Act does not provide for a private cause of action for damages.

## TWELFTH AFFIRMATIVE DEFENSE

51.    As the twelfth, separate and affirmative defense, this answering defendant is informed and believes and thereon alleges that plaintiffs' claims are barred because this answering defendant performed all duties required of them by law.

## THIRTEENTH AFFIRMATIVE DEFENSE

52.    As the thirteenth separate and affirmative defense, this answering defendant is informed and believes and thereon alleges that plaintiffs' claims are barred because removal of any alleged access barrier is not readily achievable and no alternative method of access could be provided without fundamentally altering the nature of the goods, services and facilities being provided.

## FOURTEENTH AFFIRMATIVE DEFENSE

53.    As the fourteenth, separate and affirmative defense, this answering defendant is informed and believes and thereon alleges that some or all of plaintiffs' claims for relief are moot and this Court, therefore, lacks jurisdiction.

## FIFTEENTH AFFIRMATIVE DEFENSE

54.    As the fifteenth, separate and affirmative defense, this answering defendant is informed and believes and thereon alleges that plaintiffs lacks standing to maintain this action under the ADA or the California Persons with Disabilities Act.

## SIXTEENTH AFFIRMATIVE DEFENSE

55.    As the sixteenth, separate and affirmative defense, this answering defendant is informed and believes and thereon alleges that plaintiffs lack standing to maintain any cause of action on behalf of the general public or any class of "similarly situated persons."

## SEVENTEENTH AFFIRMATIVE DEFENSE

56.    As a the seventeenth, separate and affirmative defense, this answering defendant is informed and believes and thereon alleges that the removal of architectural barriers, if any, at the subject place of public accommodation, would

-12-

result in financial hardship to this answering defendant and, therefore, are not required.

EIGHTEENTH AFFIRMATIVE DEFENSE

57.    As the eighteenth, separate and affirmative defense, this answering defendant reserves the right to raise additional affirmative defenses at trial, upon discovery of the same through the discovery process.

WHEREFORE this answering defendant prays for judgment as follows:

1.    That plaintiffs take nothing by way of their complaint;

2.    That the complaint herein, and each purported claim for relief contained therein, be dismissed with prejudice, and that judgment be entered for defendant;

3.    That defendant be awarded its reasonable attorneys' fees;

4.    That defendant be awarded the costs of suit herein; and

5.    That defendant be awarded such other and further relief that the court may deem just and proper.

Dated:  June 20, 2008                    **MANNING & MARDER**
                                         **KASS, ELLROD, RAMIREZ LLP**


                                         By:  _/s/ Alfred M. De La Cruz_
                                              Alfred M. De La Cruz
                                              Attorneys for Defendant
                                              FRY'S ELECTRONICS, INC.
                                              d.b.a. FRY'S ELECTRONICS

/ / /
/ / /
/ / /

-13-

## DEMAND FOR JURY TRIAL

Defendant hereby demand trial of this matter by jury pursuant to Federal Rules of Civil Procedure, Rule 38(b) and Local Rule 3.4.10.1.


DATED: June 20, 2008                    **MANNING & MARDER**
                                        **KASS, ELLROD, RAMIREZ LLP**


                                        By:  _/s/ Alfred M. De La Cruz_
                                        Alfred M. De La Cruz
                                        Attorneys for Defendant
                                        FRY'S ELECTRONICS, INC.
                                        d.b.a. FRY'S ELECTRONICS